IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT W. CLARK | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. DKC-06-1505 |
| UNITED STATES OF AMERICA | : |
| Defendant | : |

..oOo..

**MEMORANDUM**

Pending is a pro se Motion for Return of Property filed by Robert W. Clark in which he requests the return of $10,000.00 in United States currency, jewelry and other unspecified "luxury items" seized by United States Secret Service agents at the time of his arrest in May of 2001 and later administratively forfeited. Paper No. 1.[1] Clark alleges that he was provided inadequate notice of the forfeiture. Counsel for the government has filed a response and verified exhibits in opposition and seeks dismissal of this action.

Upon review of the pleadings and exhibits, the court determines that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the court will dismiss the motion.

**I. Facts**

The following facts are not in dispute. On or about July 22, 2001, administrative forfeiture proceedings were initiated against the Clark's above-described assets by the United States Secret Service. A notice of intent to forfeit the above-described property was sent by Federal Express to

---

[1] At the time this complaint was filed, Clark was incarcerated at FPC Gilmer, West Virginia. He has since been released and returned to the Iverness Lane address. Although Clark brings this motion under Fed. R. Crim. P. 41(e), effective December 1, 2002, Rule 41 was amended, and the provision regarding motions for return of property was moved to Rule 41(g).

all known parties who appeared to have an interest in the property.  Affidavit of Jeffrey Hatfield, United States Secret Service.  By letter dated July 22, 2001, the Secret Service sent a notice of seizure by Federal Express to Clark at his current address, 113 Inverness Lane,  Fort Washington, Maryland 20744.[2]  Resp. Ex. A & B.  Further, notice of intent to forfeit the property was published in The New York Times on July 22, 2001, July 29, 2001, and August 5, 2001.  Affidavit of Jeffey Hatfield at 2.  The notices explained the procedures for contesting administrative forfeiture or for filing a petition for remission or mitigation of forfeiture. *See id.*  On August 6, 2002,  the Secret Service issued a Declaration of Administrative Forfeiture, and the property was forfeited to the United States pursuant to 18 U.S.C. § 981.

**II  Analysis**

**A. Subject Matter Jurisdiction**

Generally, a federal district court lacks jurisdiction over administrative forfeiture proceedings.  The exception is when a party alleges the government has failed to provide adequate notice of the forfeiture and as a result has violated due process.[3]  Where, as here, the aggrieved party contends adequate notice was not provided and due process has been denied, he may move to set aside the forfeiture by following specific procedures set forth at 18 U.S.C. § 983(e);[4] *see also* 19

---

[2]  According to government counsel,  Federal Express officials advised that the reference to Crofton is to the Federal Express station, not to the city where the package was delivered.  The package was delivered to 113 Inverness Lane, Fort Washington, Maryland.

[3]  *See United States v. Minor* , 228 F. 3d 352, 355-57 (4th Cir. 2000); *Ibarra v. United States*, 120 F. 3d 472, 474-76 & n. 4 (4th Cir. 1997).

[4]  18 U.S.C. § 983(e) provides:
(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--

2

U.S.C. § 1607 (requiring written notice together with information on the applicable procedures to each party who appears to have an interest and published notice for three successive weeks).

Although Plaintiff filed this action under Rule 41 of the Federal Rules of Criminal Procedure, the court is mindful that he is a pro se litigant and has interpreted his pleading liberally. *See Haines v. Kerner* 404 U.S. 519, 520 (1972). Further, there is ample case precedent to support construing a complaint alleging constitutionally insufficient notice as a motion to set aside forfeiture pursuant to 18 U.S.C. § 983(3). [5]

**B. Adequacy of Notice**

The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without "due process of law." In an administrative forfeiture proceeding, the government is not required to prove that the party actually received notice of the pending forfeiture.[6] Instead, the government must show its efforts to provide notice were "reasonably

---

(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

[5] *See e.g. Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 35 (1st Cir. 2001) ("[D]istrict courts retain the authority to entertain constitutional challenges to administrative forfeitures. The fact that a claimant cloaks his constitutional challenge in the garb of a Rule 41(e) motion does not alter this reality; in that event, the court simply will treat such a motion as a civil complaint.") (citations omitted); *Minor*, 228 F.3d at 355-56 & n. 3 (4th Cir. 2000) (holding that although plaintiff filed his action in district court under Rule 41(e), jurisdiction existed to consider plaintiff's due process challenge to the adequacy of notice of an administrative forfeiture); *see also Dusenbery v. United States*, 534 U.S. 161, 165 (2002) (noting appellate court had ruled that the district court abused its discretion by not construing a Rule 41(e) motion as a "civil complaint seeking equitable relief for a due process challenge to the adequacy of the notice of the administrative forfeiture").

[6] *Dusenberry*, 534 U.S. at 168-71; *Minor*, 228 F. 3d at 358 (4th Cir. 2000).

calculated, under all the circumstances, to apprise interested parties of the pendency of the action."[7] Determining whether these efforts were adequate "mandates a context-specific inquiry." [8] Under the circumstances presented here, the government's efforts to notify Clark satisfy this standard.

The government's efforts to notify included a notice sent by Federal Express mail to Clark's home address.[9] The Federal Express Scan Detail Report shows delivery on July 23, 2001 at 10:13 a.m. Next, public notices of the forfeiture were published in The New York Times, a newspaper of general circulation. Notably, Clark does not disprove these facts. Indeed, Clark acknowledges that 113 Inverness Lane, Fort Washington, Maryland was "his last and usual address." Complaint at 2, ¶ 6. Absent any indication to the contrary, it was reasonable for the government to assume that the notices provided were adequate. Upon consideration of these efforts, the court concludes that the government adequately met its obligations to provide notice reasonably calculated to notify Clark of the forfeiture.

**III. Conclusion**

For the above reasons, the court will, by separate order, dismiss the motion.


___1/11/2007_____          _____/s/_____
DATE                                              DEBORAH K. CHASANOW
                                                  United States District Judge

---

[7] *Dusenberry*, 534 U.S. at 168 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[8] *Minor*, 228 F.3d at 358.

[9] Although Mr. Clark later was incarcerated in a federal facility, at the time of the administrative forfeiture, he was not in custody and resided in Fort Washington.